# Hodge *v.* The State.

## *Larceny.*

(Decided Feb. 13, 1908. 45 South. 900.)

1. *Criminal Law; Offense; Evidence; Jury Question.*—An indictment was preferred at the August term of court and the first witness introduced fixed the time of the commission of the offense as January or February preceding, certainly after Christmas; another witness fixed the time as not longer than six months before going before the grand jury, and another as sometime in October before the spring term of the court at which the indictment was preferred, and the same witness subsequently fixed the time as that when he heard the property was stolen. Held, not objectionable as fixing an offense different from that charged in the indictment, but left the matter open for the determination of the jury as to when the offense was committed.

2. *Evidence; Hearsay.*—A statement of a witness that he saw accused with the property stolen at the time when he heard that the owner had lost the property was not objectionable as hearsay evidence.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Willis Hodge was convicted of larceny and he appeals. Affirmed.

Heard, in fixing the time when the chickens were stolen, said that it was in January or February, and certainly after Christmas, before the indictments was preferred. Phillips, another witness for the state, fixed the time of the larceny as sometime before going before the grand jury, not longer than six months before. Gravly, another witness for the state, fixed the time as some time in October, before the spring term of the court at which the indictment was preferred. The defendant moved to exclude the evidence of Gravly, because fixing an offense different from that charged in the indictment and

[Hodge v. The State.]

as happening at a different time. The court overruled the objections, and defendant excepted.

BILBRO & MOODY, for appellant.—The evidence of Gravly was mere hearsay and should have been excluded.—*Brooklyn L. I. Co. v. Bledsoe,* 52 Ala. 538.

ALEXANDER M. GARBER, Attorney General, for the State.

ANDERSON, J.—While the time given in the testimony of Gravly was different from that fixed by Heard, yet it was not entirely in conflict with the time fixed by Phillips. Heard may have been mistaken as to the date the chickens were stolen, or Gravly may have been mistaken as to the date fixed by him. Moreover he subsequently fixed the time as that when he heard that the chickens were stolen. It was, therefore, for the jury to determine whether or not the witnesses were all testifying to the same offense. Nor does the fact that the witness Gravly fixed the time that he saw the defendant and others with the chickens as at the time he heard that Heard had lost his chickens violate the rule against hearsay testimony. He did not detail anything he heard —merely fixed a time as at the date of the rumor of a certain event.

The judgment of the circuit court is affirmed.

TYSON, C. J. and DENSON and McCLELLAN, JJ., concur.